WESTERN DIS.
October, 1832.

CABLE
vs.
BOSSIER

tation at the suit of the mortgagee for the enforcement of the mortgage, such transfer and disposition will not affect the mortgagee's rights against the third possessor.

---

CABLE vs. BOSSIER.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Where the wife has a mortgage on the whole of her husband's property, for the restitution of her paraphernal effects, she can enforce it against the undivided half or part of the estate, which her husband holds jointly with another.

So if a slave held in partnership between the wife's husband and another, is alienated, her mortgage attaches to one-half the slave in the hands of the third possessor.

MARTIN, J., delivered the opinion of the court.*

The plaintiff seeks to enforce her tacit mortgage on a slave, which she alleges to have been sold by her husband, and which is now in the defendant's possession. She sets up her claim in virtue of a judgement which she has obtained against

---

-*This is the same opinion pronounced in 1829, and now made public.

her husband, for the restitution of her dotal and paraphernal estate. There was judgement in her favor, and the defendant appealed.

Her pretensions were resisted on the ground:

1. That she had alleged a sale of a slave by her husband, and the evidence was of a sale by Coe and Cable, of which firm, her husband was a member.

2. The wife has no mortgage on partnership property.

3. There is no evidence of the money receipted for by the husband and wife, having been alienated or disposed of by him, before the sale of the slave.

4. That she has no mortgage for the donation *propter nuptias.*

On the first question, we think that the sale of a slave by Coe and Cable, is evidence of Cable's sale of his undivided part.

On the second, we think that as the wife has a mortgage on the whole of the husband's property, she must have one on his undivided part of any estate he holds jointly with others.

4. We have just decided in the case of *Cable* vs. *Coe,* that the wife has no mortgage for the donation *propter nuptias.*

3. This renders it unnecessary to examine the third point, as the donation was for two thousand dollars, and the property mortgaged is the undivided half of a slave only.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

Where the wife has a mortgage on the whole of her husband's property for the restitution of her paraphernal effects she can enforce it against the undivided half or part of the estate which her husband holds jointly with another. So if a slave held in partnership between the wife's husband and another is alienated, her mortgage attaches to one-half the slave in the hands of the third possessor.